UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIDGET WHITE,
o/b/o Bryan Johnson,

                           Plaintiff,

                                                                  <u>DECISION AND ORDER</u>

                                                                   04-CV-6576L

                 v.

JOANNE B. BARNHART,

                           Defendant.
_____

## INTRODUCTION

      This is an action brought by Bridget White on behalf of her eleven year old son, Brian A. Johnson ("plaintiff" or "Johnson"), pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that he is not disabled and, therefore, is not entitled to Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act").

      Both plaintiff and the Commissioner have moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g), but for different purposes. Plaintiff moves to remand the case solely for the calculation and payment of benefits. (Dkt. #8). Plaintiff argues that legal error requires reversal of the Commissioner's decision and that the record compels the conclusion that Johnson is disabled within the meaning of the Act. The Commissioner agrees that reversal and remand is required based

on legal error by the ALJ. The Commissioner, however, moves to remand the case for further administrative proceedings. (Dkt. #9).

On January 5, 2006, the parties appeared before the Court for argument on their respective motions. After reviewing the administrative record and the parties' submissions, and their arguments in Court, I find that plaintiff is entitled to a remand for the calculation and payment of benefits. I find that the administrative record needs no further development. The present record compels the conclusion that Johnson is disabled within the meaning of the Act.

### FACTUAL AND PROCEDURAL BACKGROUND

Bridget White applied for SSI on August 22, 2001, for her infant son, alleging that he suffered a disability since December 1, 1999, due to attention deficit hyperactivity disorder ("ADHD"). (T. 53-57, 68).[1] This application was denied initially and upon reconsideration. (T. 22-27, 42-45). Plaintiff requested a hearing, which was held on June 22, 2004, before Administrative Law Judge ("ALJ") James E. Dombeck, at which Johnson appeared with his mother and counsel. (T. 28-29, 439-54). ALJ Dombeck issued a decision on July 29, 2004, finding that plaintiff was not disabled. (T. 11-20). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 24, 2004. (T. 6-8). This action followed.

---

[1] "T. __" refers to the page of the administrative transcript filed by the Commissioner.

**DISCUSSION**

**I. Standard for Determining Disability in Children**

To qualify for SSI, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Commissioner employs a three-step sequential analysis to determine whether a child is disabled within the meaning of the Act. 20 C.F.R. § 416.924(a); *see also Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir.2004). The first step is to determine whether the child is engaging in "substantial gainful activity." *Id.* at § 416.924(b). If he is not, the ALJ considers at step two whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, at step three, if the ALJ finds a severe impairment, he then must consider whether the child has an impairment that "meets," "medically equals," or "functionally equals" a disability listed in the Commissioner's Listing of Impairments, found at 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at § 416.924(d). At issue here is the ALJ's analysis at step three regarding whether plaintiff has impairments that "functionally equal" the Listings.

**II. Functional Equivalence**

20 C.F.R. § 416.926a sets forth a detailed process for determining functional equivalence in childhood disability cases. The ALJ must examine the evidence of record and determine a child's level of functioning in "six domains." The six domains are: acquiring and using information;

attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has "marked"[2] limitations in two of the domains or an "extreme"[3] limitation in one domain, then his impairments will "functionally equal" the Listings, and he will be found disabled. 20 C.F.R. § 416.926a(d).

The Commissioner concedes that the ALJ did not adequately analyze the evidence regarding plaintiff's capabilities in the domain of acquiring and using information. The Commissioner acknowledges that the ALJ failed to consider evidence, including reports from two different speech-language pathologists (T. 225, 288-90), the Commissioner's own State agency pediatrician (T. 398), and two of plaintiff's teachers (T. 332-37), that plaintiff has marked or severe limitations in acquiring and using information. Specifically, on December 9, 1997, the Rochester Hearing and

---

[2] 20 C.F.R. § 416.926(e)(2) provides that "We will find that you have a 'marked' limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean."

[3] 20 C.F.R. § 416.926(e)(3) provides that "We will find that you have an 'extreme' limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. 'Extreme' limitation also means a limitation that is 'more than marked.' 'Extreme' limitation is the rating we give to the worst limitations. However, 'extreme limitation' does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean."

Speech Center reported that plaintiff exhibited certain severe expressive language delays. (T. 288-89). On March 8, 2000, the Rochester School Speech Language Assessment also noted that plaintiff exhibited a severe receptive and expressive language disorder. (T. 224). On March 18, 2002, Dr. Paulette Harar, a State agency pediatrician, specifically found that plaintiff had marked limitations in acquiring and using information. (T. 398). The Commissioner suggests that the record is not clear regarding the extent to which plaintiff is limited in this domain and that a remand for further proceedings is required.

I agree with both plaintiff and the Commissioner that the ALJ erred in evaluating this domain. I also agree with plaintiff that the record compels the conclusion that plaintiff had a marked limitation in the domain of acquiring and using information. There is no need for a remand for further proceedings.

In addition to the evidence cited by the Commissioner, plaintiff also points to other evidence in the record that Johnson has marked impairments in acquiring and using information. Reports from plaintiff's third and fourth grade teachers indicate that he had marked or severe limitations in acquiring and using information in an age-appropriate manner. (T. 333; 376). Furthermore, Dr. Richard L. Wolfe, a consultative psychologist, found that plaintiff's "speech and language skills were well below average" and he diagnosed plaintiff with expressive and receptive language disorder. (T. 416-20). The Commissioner conceded at the motion hearing that this evidence is entitled to at least some weight.

The Commissioner argues, though, that there should be a remand for further administrative proceedings because "where the appropriate analysis has not been done, '[i]t is for the

[Commissioner], and not [the] court to weigh conflicting evidence in the record.' *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998)." (Dkt. #9, p.3).

At the hearing, however, the Commissioner could not point to *any* conflicting evidence in the record regarding plaintiff's limitations in the domain of acquiring and using information, and no such evidence was cited in the Commissioner's motion papers. After reviewing the record, there does not appear to be any evidence to support a finding that plaintiff had *less than* marked limitations in this domain. On the contrary, all the evidence compels the conclusion that Johnson had marked limitations.

I find, therefore, that the case should be remanded for benefits. The record is fully developed and further administrative proceedings would serve no useful purpose. *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir.1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980)(Court may order benefits be paid "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."); *see also Orr v. Barnhart*, 375 F.Supp.2d 193, 198 (W.D.N.Y.2005)(remanding for benefits where the record was fully developed and proper legal application of regulations compelled finding of disability); *Soto v. Barnhart*, 242 F.Supp.2d 251, 254 (W.D.N.Y.2003)(remanding solely for calculation of benefits and not further proceedings where the ALJ's error was in interpreting and weighing treating physician evidence, not in failing to develop a complete record). Furthermore, to remand the case for further proceedings would result in unnecessary delay on an application that plaintiff filed over four years ago. *See Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir.1998)(remanding for benefits where application had been pending for four years); *see also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000)(remanding for the sole purpose of

calculating an award of benefits where record compelled finding of disability and plaintiff's application had been pending more than six years).

This is not a case where there are gaps in the administrative record or conflicting evidence that needs to be weighed by the ALJ. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996)(quoting *Parker*, 626 F.2d at 235). Rather, when the all the pertinent evidence is accorded its proper weight and the regulations are applied correctly, the record compels only one conclusion – that plaintiff had marked limitations in the domain of acquiring and using information. Neither party disputes the ALJ's conclusion that plaintiff had marked limitations in a second domain - attending and completing tasks.[4] Pursuant to 20 C.F.R. § 416.926a(a), therefore, plaintiff has marked limitations in two domains of functioning. Consequently, plaintiff's severe impairments cause limitations that functionally equal the listings, and he is entitled to SSI benefits.[5]

---

[4] The Commissioner conceded at the motion hearing that there was no dispute concerning the ALJ's finding on this domain, and that there is substantial evidence in record to support that conclusion.

[5] Because I find that plaintiff is disabled within the meaning of the Act under the test for functional equivalence, I need not address whether his impairments meet the requirements of Listings 112.05D (mental retardation) or 112.11 (ADHD). Suffice it to say that that ALJ's summary conclusion that plaintiff's impairments did not meet or equal a Listing was error. (T. 20). It was error for the ALJ to make such a critical finding in the disability evaluation without *any* explanation or analysis. *See Aponte v. Sec., Dept. of Health and Human Servs.*, 728 F.2d 588, 593 (2d Cir.1984); *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir.1982); *Morales v. Barnhart*, 218 F.Supp.2d 450 (S.D.N.Y.2002). Furthermore, it is clear that the ALJ erred in analyzing plaintiff's IQ scores. The ALJ did not follow the directives of 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.00D.9, which requires that the lowest IQ score be used from a test where more than one IQ is derived (like the WISC-III) when evaluating whether a Listing is met. He also failed to consider the so-called "practice effect" that occurs with repeated use of the same intelligence test, which could explain plaintiff's IQ scores from the March 2000 testing. *See* SSA Programs Operation Manual System § DI 24515.055. Whether these errors would require a remand for further administrative proceedings or benefits, however, is not a determination that I
(continued...)

**CONCLUSION**

Plaintiff's motion (Dkt. #8) is granted. The Commissioner's motion (Dkt. #9) is denied. The case is remanded to the Commissioner solely for the calculation and payment of benefits.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 13, 2006.

---

[5](...continued)
need to make in this action because plaintiff otherwise meets the definition of disability under the Act.